Madlyn Gleich Primoff, Esq.
madlyn.primoff@freshfields.com
Henry V. Hutten, Esq.
henry.hutten@freshfields.com
FRESHFIELDS BRUCKHAUS DERINGER US LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 277-4000
Facsimile:      (212) 277-4001
*Attorneys for Tammy Fu and Eleanor Fisher,
as Joint Official Liquidators of CAMAC
International Limited – In Official Liquidation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>CAMAC INTERNATIONAL LIMITED –<br>IN OFFICIAL LIQUIDATION,<br>Debtor in a Foreign Proceeding<br><br>Debtor. | Chapter 15<br><br><br>No. 17-12827 (SCC) |
| TAMMY FU and ELEANOR FISHER, as Joint Official Liquidators of CAMAC INTERNATIONAL LIMITED – IN OFFICIAL LIQUIDATION, *Plaintiffs*<br><br>v.<br><br>KASE LAWAL, KAMORU LAWAL, NEEL THAKKAR, KACY WADE, ERIN ENERGY CORPORATION, CALVETTI FERGUSON PC, AND CAMAC INTERNATIONAL CORPORATION, *Defendants.* | Chapter 15<br><br><br>Adv. Pr. No. _____ (SCC) |

**COMPLAINT OF TAMMY FU AND ELEANOR FISHER, AS JOINT OFFICIAL
LIQUIDATORS, SEEKING TURNOVER OF RECORDED INFORMATION
PURSUANT TO 11 U.S.C. § 542(e)**

Tammy Fu and Eleanor Fisher, as the joint official liquidators (the "**Liquidators**") of CAMAC International Limited—In Official Liquidation ("**CAMAC**" or the "**Debtor**"), having been duly appointed by the Grand Court of the Cayman Islands, Financial Services Division (the "**Cayman Court**") by and through their undersigned U.S. counsel, Freshfields Bruckhaus Deringer US LLP ("**Freshfields**"), as and for their Complaint, alleges upon knowledge as to their own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This action for turnover arises from the Liquidators' duties to investigate the staggering dissipation of nearly $1 billion of assets held indirectly by the Debtor in the 18 months leading up to the commencement of liquidation proceedings for the Debtor before the Cayman Court. During this 18-month period, Defendants Kase Lawal, Kamoru Lawal, Neel Thakkar, and Kacy Wade (the "**Individual Defendants**") served as officers, directors, senior accounting representatives and in-house counsel for CAMAC and many of the entities within its intricate web of subsidiaries. Erin Energy Corporation ("**Erin Energy**") is a former indirect subsidiary of the Debtor, and a publicly traded company whose shares were transferred away from the Debtor in a series of suspicious transactions that remain a mystery to the Liquidators. Calvetti Ferguson, P.C. ("**Calvetti**") served as the Debtor's auditors at all relevant times. CAMAC International Corporation ("**CIC**," and, together with the Individual Defendants, Erin Energy, and Calvetti, the "**Defendants**") is a sister corporation of the Debtor; the Individual Defendants continue to serve as officers, directors, accountants and in-house counsel of CIC. To properly conduct their investigation, the Liquidators have an urgent need to

2

obtain "recorded information, including books, documents, records, and papers relating to the debtor's property or financial affairs" from the Defendants.

## JURISDICTION AND VENUE

2. This adversary proceeding arises in and relates to the Order Pursuant to 11 U.S.C. §§ 1504, 1515, 1517 and 1520 Recognizing Foreign Representatives and Foreign Main Proceeding (the "**Recognition Order**" (Dkt. No. 7))[1] that this Court entered on November 2, 2017.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(P).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1410(1).

## THE PARTIES

5. Plaintiffs are the Liquidators of the Debtor who have been duly appointed by the Cayman Court to serve jointly and severally as joint official liquidators for CAMAC and to oversee the liquidation of CAMAC and the winding up of CAMAC's affairs in the Cayman Islands or elsewhere. CAMAC is a limited liability company incorporated under the laws of, and with a registered office in, the Cayman Islands. The Debtor is the ultimate parent in a complex corporate structure that includes U.S. and non-U.S. direct subsidiaries. The Debtor and its subsidiaries have primarily engaged in oil and gas exploration, development, and crude and condensate marketing activities in Nigeria, Kenya, South Africa, and Gambia. The Debtor is now in official liquidation before the Cayman Court.

---

[1] References to a "Dkt. No." or to "Dkt. Nos" that are unaccompanied by a case caption are to the Court's docket numbers in the above-captioned, Chapter 15 case, No. 17-12827.

6. Defendant Kase Lawal is the former Chairman of the Board of the Debtor and a U.S. resident.

7. Defendant Kamoru Lawal is the former Chief Executive Officer and President of the Debtor, and a U.S. resident. Amongst other responsibilities, Defendant Kamoru Lawal managed CAMAC's investment portfolio and directed CAMAC's merger and acquisition activities.

8. Defendant Neel Thakkar is employed by CIC as a senior accountant, and a U.S. resident. While employed by CIC, Neel Thakkar spent the majority of his time working for the Debtor.

9. Defendant Kacy Wade is the Associate General Counsel and Chief Compliance Officer for CIC, and a U.S. resident. While employed by CIC, Kacy Wade spent significant amounts of her time working for the Debtor.

10. Defendant Erin Energy is a Delaware corporation and a public company—the shares of which are traded on the New York and Johannesburg Stock Exchanges under the ticker symbol "ERN." Defendant Kase Lawal is the founder of Erin Energy and served as its Chairman, President, and Chief Executive Officer between April 12, 2011 and May 25, 2016. CAMAC held an indirect controlling interest in the shares of Erin Energy until these shares were transferred in a series of suspicious transactions.

11. Defendant Calvetti is a professional corporation with its principal place of business in Houston, Texas that offers public accounting and advisory services to multinational companies. Calvetti was engaged to perform auditing and accounting services for the Debtor or its subsidiaries or related companies at all relevant times since 2009, including audits of their overseas oil properties and international transactions.

12. Defendant CIC is a Delaware corporation. CIC's website states that it is part of a larger group of entities with corporate relations or affiliations with the Debtor, which consists of a U.S. Group and a non-U.S. Group that work in tandem to pursue the exploration, development, and operation of oil properties in Africa and South America. Defendant Kase Lawal is the chairman of CIC where, as founder of CIC, he leads a diverse group of affiliated companies for CIC. Defendant Kamoru Lawal is the Chief Executive Officer and President of CIC, where he also serves as a director. He is also the former Chief Financial Officer, executive Vice President and Treasurer of CIC.

## FACTUAL BACKGROUND

**The Liquidators' Need For Recorded Information Relating to the Debtor's Property or Financial Affairs**

13. Promptly following the appointment of the Liquidators pursuant to the Winding Up Order entered by the Cayman Court, the Liquidators took steps to collect CAMAC's books and records from its registered office. The Liquidators also immediately sent information requests to the Debtor's representatives, including to the Individual Defendants.

14. Despite the Liquidators' continuous efforts and repeated requests for voluntary disclosure of information, the Individual Defendants have failed to deliver most of the information requested. In some cases they failed even to respond to the Liquidators' inquiries. As a result, key information requests remain outstanding.

15. The audited consolidated financial statements of CAMAC and its subsidiaries show that whereas CAMAC and its subsidiaries held assets worth $828,713,770 as of December 31, 2015, they held only $50,000 in deposit accounts upon initiation of the CAMAC Winding Up Proceedings. The Liquidators have a fiduciary

5

duty to investigate the disappearance of CAMAC assets in the 18 months leading up to the CAMAC Winding Up Proceedings.

16. The Liquidators' investigation also entails an inquiry into, among other things, various suspicious transactions involving CAMAC and its subsidiaries. For example, a Form 8-K filed by Erin Energy on July 7, 2017 with the United States Securities and Exchange Commission disclosed that 117,624,760 shares of Erin Energy (constituting a controlling interest in Erin Energy) previously held by Allied Energy PLC Nigeria ("**Allied Energy**") and CAMAC International Nigeria Limited ("**CINL**")—both of which were indirect subsidiaries of the Debtor—had been transferred to Oltasho Nigeria Limited ("**Oltasho**") and Latmol Investment Limited ("**Latmol**") and no longer constituted direct or indirect property of the Debtor. The Liquidators have been unable to determine what, if any, consideration was provided to Allied Energy for the transfer of its rights in Erin Energy shares to Oltasho and Latmol. Although the then-current market value of Allied Energy's shares in Erin Energy was approximately $164 million, Oltasho and Latmol sold to Defendant Kase Lawal the proxy rights to vote their controlling shares in Erin Energy for a mere $10.

17. Another set of suspicious transactions consists of the following. On March 16, 2018, Erin Energy filed a Form 10-K with the United States Securities and Exchange Commission for the period ending December 31, 2017, indicating that several promissory notes with a combined outstanding amount of roughly $123 million originally payable from Erin Energy to Allied Energy were transferred from Allied Energy to Oltasho in 2017. Again, the Liquidators have been unable to determine what, if any,

6

consideration was provided to Allied Energy for the promissory notes that were transferred to Oltasho.

18. The Liquidators' sensitivities are heightened because the Delaware Chancery Court (Judge Tamika Montgomery-Reeves) has opined that, in transactions involving Erin Energy, Allied Energy, and CINL—all companies that were controlled directly or indirectly by Kase L—Kase L "appeared on all . . . sides of the transaction," and that "[i]n practice, his behavior gave rise to a very real appearance that, by seeming to speak for all three counterparties in the transactions, Lawal really was negotiating with himself in shifting around assets for his own benefit."[2]

**This Chapter 15 Case and the Recognition Order**

19. On November 2, 2017, this Court entered the Recognition Order recognizing the CAMAC Winding Up Proceedings as a foreign main proceeding and the Liquidators as the Debtor's foreign representatives "with full authority to administer the Debtor's assets and affairs in the United States." Recognition Order ¶¶ 2, 5. This Court also determined that the Liquidators "are entitled to all the relief provided pursuant to Section 1520 and 1521(a) of the Bankruptcy Code." *Id.* at ¶ J. Accordingly, the Liquidators were granted "the right and power to examine witnesses, take evidence or deliver information concerning the Debtor's assets, affairs, rights, obligations, or liabilities." *Id.* at ¶ 4. The Court found that these protections are necessary to effectuate the purposes of Chapter 15 of the Bankruptcy Code and to protect the assets of CAMAC and the interests of the CAMAC's creditors." *Id.* at ¶ J.

---

[2] *See* Memorandum Opinion at 45-46, *Lenois v. Lawal*, No. 11963 (Del. Ch. Ct. Nov. 7, 2017)).

7

**The Subpoena Defendants' Refusal To Comply With Their Discovery Obligation**

20.     Upon entry of the Recognition Order, the Liquidators determined, in the exercise of their judgment, that the most efficient way to obtain documents expeditiously from the multiple sources—without the need to expend precious, finite resources on motion practice—was through service of the Subpoenas. Thus, pursuant to the Recognition Order, the Liquidators issued subpoenas from this Court on November 21, 2017 (the "**Subpoenas**"), seeking documents from each Defendants Kase Lawal, Kamoru Lawal, Neel Thakkar, Erin Energy, and Calvetti (together, the "**Subpoena Defendant**s"). Unfortunately, after receiving only a paltry handful of documents from just one Subpoena Defendant (Erin Energy), and not a single document from any other Subpoena Defendant, it appears that motion practice will be necessary in order for the Liquidators to obtain in furtherance of Section 1521(a)(4) the documents that are crucial to the Liquidators' investigation. *See* Recognition Order ¶ 4. Thus, the Liquidators seek to consolidate their efforts to obtain crucially needed documents and information before this Court—the only Court with jurisdiction over this Chapter 15 Case and, consequently, the only Court with jurisdiction to order the Defendants to turn over recorded information pursuant to Section 542 of the Bankruptcy Code and authorize the Liquidators to conduct Rule 2004 examinations of the Defendants.

21.     The Subpoena Defendants have attempted to impede the Liquidators' court-authorized investigation into the Debtor's loss of nearly $1 billion in assets held by its subsidiaries. Defendants Kase Lawal, Kamoru Lawal, and Neel Thakkar have failed to produce any documents in response to the Subpoenas. They filed a procedurally improper motion to quash (the "**Motion To Quash**") the Liquidators' Subpoenas before

8

the United States Bankruptcy Court for the Southern District of Texas (the "**Texas Bankruptcy Court**"), asserting that they were "Non-Party Individuals," but altogether failing to inform the Texas Bankruptcy Court that they were officers, directors, and senior accounting representatives of the Debtor, or that they were the financial stewards of the Debtor who presided over its financial collapse and vast dissipation in assets. Counsel for the Liquidators endeavored to meet and confer with counsel for Kase Lawal, Kamoru Lawal and Neel Thakkar, but counsel flatly **refused** to describe how these individuals maintain their files, or even to identify the sources of information (*i.e.*, repositories) in their possession, custody or control that that may potentially contain documents that are responsive to the document requests that are the subject of the Subpoenas. As a result, the parties have not been able to negotiate meaningfully about these document requests. The Liquidators therefore filed their Objection to the Motion To Quash on April 2, 2018, and the Hearing on the Motion To Quash is currently scheduled for April 16, 2018. Despite being served with Subpoenas over four months ago, Defendants Kase Lawal, Kamoru Lawal, and Neel Thakkar have not produced a single document to date in response to the Subpoenas.

22.     Defendant Erin Energy produced only a paltry handful of documents. Although Erin Energy is a publicly traded company listed on both the New York and Johannesburg stock exchanges, Erin Energy refused to hire outside counsel to help it comply with its discovery obligations. Instead, it chose to rely on a single in-house counsel, who purportedly does not even have the support of the company's Information Technology Department.

9

23. Defendant Calvetti has full sets of audit files for the Debtor for at least the years 2013 through 2016. Counsel for Calvetti has represented to counsel for the Liquidators that Calvetti has in its possession: (1) documents that Calvetti collected *from the Debtor* and its subsidiaries in connection with its auditing and accounting services; and (2) documents reflecting the auditing and accounting work that Calvetti performed pursuant to its agreement with CAMAC (together, the "**CAMAC Work Files**"). The Debtor has a legal interest in the CAMAC Work Files and they therefore constitute property of CAMAC. Nevertheless, Calvetti has insisted that, before producing a single document to the Liquidators, the Liquidators must execute a confidentiality agreement restricting the Liquidators' use of the documents to be produced by Calvetti, notwithstanding that the Liquidators now have legal control over the CAMAC Work Files by virtue of their appointment by the Cayman Court as Joint Official Liquidators.

24. Based on the foregoing, it is now crystal clear that motion practice will be inevitable. Thus, consistent with their fiduciary duties to investigate the Debtor's loss of nearly $1 billion in the assets of its subsidiaries at a time when many of the Defendants acted as the financial stewards of the Debtor and its subsidiaries, by this Complaint initiating this adversary proceeding, and the Liquidators' accompanying Motion for an Order Requiring Turnover of Recorded Information Pursuant to 11 U.S.C. § 542(e) and Authorizing Examinations Pursuant to Federal Rule of Bankruptcy Procedure 2004 (the "**Motion**"), the Liquidators seek to consolidate their efforts to obtain crucially needed documents and information before this Court—the only Court with jurisdiction over this Chapter 15 Case and, consequently, the only Court with jurisdiction to order the

Defendants to turn over recorded information pursuant to Section 542 of the Bankruptcy Code and authorize the Liquidators to conduct Rule 2004 examinations.

### COUNT I

### (TURNOVER OF RECORDED INFORMATION RELATED TO THE DEBTOR'S PROPERTY OR FINANCIAL AFFAIRS PURSUANT TO 11 U.S.C. § 542(e))

### (Against All Defendants)

25.    The Liquidators repeat and reallege each and every allegation contained in paragraphs 1 through 24 of the Complaint as fully set forth herein.

26. Section 542(e) of the Bankruptcy Code provides that:

Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

27. Section 1521(a)(7) of the Bankruptcy Code states that

Upon recognition of a foreign proceeding, whether main or nonmain, where necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interests of the creditors, the court may, at the request of the foreign representative, grant any appropriate relief, including granting any additional relief that may be available to a trustee, except for relief under sections 522, 544, 545, 547, 548, 550, and 724(a).

28.    Access to the Defendants' recorded information relating to the property or financial interests of the Debtor is necessary here to effectuate the purposes of Chapter 15 and to protect the interests of the Debtor's creditors. In particular, the Liquidators require access to information held by the Defendants concerning the books, documents, records, and papers relating to the Debtor's property and financial affairs to investigate the $1 billion in assets that went missing under the financial stewardship of many of the Defendants, to investigate suspicious transactions, and to thereby fulfill their duties to ensure the orderly liquidation of CAMAC's assets and the fair treatment of its creditors.

11

Thus, pursuant to the Recognition Order and Section 1521(a)(7) of the Bankruptcy Code, relief under Section 542(e) of the Bankruptcy Code is available to the Liquidators in the instant Chapter 15 case.

29. The Liquidators have strong grounds to believe that the Defendants have recorded information related to the Debtor's property or financial affairs. The Defendants either controlled, audited, or analysed the Debtor's property and financial affairs, or were involved in significant transactions involving the property of the Debtor. For example, as explained above, the Individual Defendants are former chairmen, officers, directors, and senior accounting or legal representatives of the Debtor, and of subsidiaries that had significant financial transactions with the Debtor. Defendant Erin Energy was the subject of a transaction by which roughly $164 million worth of its shares were removed from the Debtor's estate before the voting rights for all such shares were sold to Defendant Kase Lawal for a mere $10. Defendant Calvetti has full sets of audit files for the Debtor for at least the years 2013 through 2016. Defendant CIC's personnel devoted substantial amounts of their time to the Debtor's affairs while working in CIC's offices, and Defendant CIC is a sister corporation of the Debtor that, through its website, holds itself out as working "in tandem" with the Debtor and its group of U.S. and non-U.S. subsidiaries. As described above, Defendants Neel Thakkar and Kacy Wade both devoted significant amounts of their time engaged in work for the Debtor while working out of CIC's Houston offices. Defendant CIC and the Debtor were subject to the common control of Kase Lawal and Kamoru Lawal, who concurrently held executive positions with both entities, and likely maintained files related to the Debtor's property or financial affairs at CIC's headquarters in Houston.

12

30. Under Section 542(e), the Liquidators are entitled to all documents and information in the Defendants' possession, custody, or control relating to the Debtor's property or financial affairs. The Liquidators are therefore entitled to a judgment from this Court for the immediate turnover from Defendants of all recorded information that relates to the Debtor's property or financial affairs, and the Court should grant relief to the Liquidators as specified in the Motion.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Tammy Fu and Eleanor Fisher, as the joint official liquidators of CAMAC International Limited—In Official Liquidation demand judgment as follows:

i. With respect to Count I, a judgment ordering all Defendants to immediately turn over to the Liquidators all nonprivileged recorded information, including books, documents, records, and papers relating to the Debtor's property or financial affairs, as specified in the Motion.

ii. Awarding the Liquidators their attorneys' fees, costs, and disbursements in this action and interests; and

iii. Granting such other and further relief that this Court deems is just and proper.

New York, New York
Dated: April 9, 2018

/s/ Madlyn Gleich Primoff
Madlyn Gleich Primoff
Henry V Hutten
Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001

Attorneys for the Liquidators